IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **OMAR LUGO, et al.**  **Plaintiffs,**  v.  **PUERTO RICO ELECTRIC POWER AUTHORITY, et al.,**  **Defendants.** | **CIVIL NO. 14-1618 (PAD)** |

**ORDER**

Delgado-Hernández, District Judge.

Plaintiffs – two (2) former unionized employees of the Puerto Rico Electric Power Authority ("PREPA") – initiated this action together with their spouses and conjugal partnerships, seeking redress for deprivation of civil rights by defendants under Federal and Puerto Rico (Docket No. 1).[1] Before the court is defendants' "Motion to Dismiss" (Docket No. 49), which plaintiffs' opposed (Docket No. 50). For the reasons explained below, the motion is GRANTED and the case DISMISSED.

Plaintiffs are former PREPA employees (Docket No. 1 at ¶¶ 17, 30 and 31). They were suspended and terminated from their employment after an investigation of alleged payroll irregularities at the PREPA commercial office where they worked, and fault the union for not defending them, not calling a strike to support them, and manipulating them into not presenting exculpatory evidence during an informal hearing. Id. at ¶¶ 139-141.[2] Consistent with their theory,

---

[1] This is one of five (5) complaints filed in this district stemming from the same incident at PREPA. See, Civil Nos. 13-1844 (PAD), 13-1901 (PG), 14-1753 (CCC), and 14-1861 (PAD).

[2] According to the complaint, the letters informing them of their immediate suspension stated that plaintiffs "had been repeatedly late, had misused PREPA property, had falsified documents, had limited PREPA's production, had committed theft and embezzlement, and had abandoned their employment. The letters did not accuse either plaintiff of leaving work early[.]" (Docket No. 1 at ¶ 54).

they sued PREPA, PREPA high officials and managers, and union leaders under 42 U.S.C. § 1983 and Puerto Rico law, alleging defendants conspired to deprive plaintiffs of constitutional rights.

The court has carefully considered the allegations of the complaint, the arguments raised by defendants in their motion to dismiss, and the ones submitted by plaintiffs in their opposition. All in all, the complaint should be dismissed on the same grounds the court relied on to dismiss the case in LaSalle v. Puerto Rico, Elec. Power Authority, Civil No. 14-1861 (PAD).

With some minor differences, the complaint in this case almost mirrors the one in that case. The eight (8) claims for relief are the same in both cases, *Cf.* Docket No. 4 in Civil No. 14-1861 at ¶¶ 149-180 *with* Docket No. 1 here at ¶¶ 139-173; defendants' motion is similar to the one filed in Civil No. 14-1861 (Docket No. 34); and plaintiffs' opposition here reflects the opposition there. By extension, for the reasons set forth in the Opinion and Order in LaSalle v. Puerto Rico, Elec. Power Authority, ---F.Supp.3d----, 2015 WL 7012583 (D.P.R. 2015) this case must be dismissed. In consequence, defendants' "Motion to Dismiss" at Docket No. 49 is GRANTED. Plaintiffs' claims are dismissed, albeit the dismissal of claims brought under Puerto Rico law is without prejudice.

Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of February, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge